No. 74.—LEROY W. COOPER, plaintiff in error, vs. THE STATE OF GEORGIA, defendant.

[1.] The *scire facias* against the bail in an indictment, is to be issued from· the Court of the county in which Court is the indictment, and not from the Court of the county in which reside the bail.

*Ca. sa.* and illegality, from Pike Superior Court. Decided by Judge STARKE, October Term, 1854.

Samuel Moore being indicted in the County of Pike, gave bond for his appearance, with Leroy W. Cooper as security, dated December 20th, 1850. The defendant failing to appear at April Term, 1852, (*scire facias* having previously issued,) judgment was entered against Cooper alone, for the penalty of the bond. A *fi. fa.* was issued and returned *nulla bona*, and then this *ca. sa.* was issued on said judgment, and the defendant was arrested in Spalding County. Cooper made his *affidavit* of illegality to said *ca. sa.* on the grounds—

1st. That the judgment was void, as being against only one of the parties to the bond.

2d. That there was no reference, in the *ca. sa.* to the fact that a *fi. fa.* had been previously issued.

3d. That the *ca. sa.* being issued from the Superior Court of Pike County, and the defendant residing in Spalding, it was necessary that a return of *non est inventus* be made by the Sheriff of Pike, before the *ca. sa.* could have been executed in Spalding.

4th. Because, between the giving the bond and the rendition of judgment thereon, the County of Spalding was created by law, and the defendant was and had been within the limits of the new county, and that the Superior Court of Pike County had, by the terms of the said Act, no power to render said judgment. The Court over-ruled all the grounds taken, and on this decision error is assigned.

McCUNE, for plaintiff in error.

Sol. Gen'l THRASHER, for defendant.

*By the Court.*—Benning, J. delivering the opinion.

[1.] The *scire facias* on a forfeited bail bond, in an indict-ment, has to issue from the Court in which is the indictment. (*Cobb's Dig.* 861, 862.)

The indictment in this case was, to a certainty, *at first*, in the Court of Pike Co. The Court of that county was the one in which the indictment was made. And whether the indictment ever got out of that Court into the Court in Spalding, does not appear; forit does not appear whether the offence charged in the indictment was committed in that part of Pike which was afterwards converted into Spalding, or in that part which was allowed to remain Pike.

For aught that appears, then, the indictment still remained in the Court in Pike County, notwithstanding the Act of the Legislature, which, out of a part of Pike County and parts of other counties, made Spalding.

This being so, for aught that appears, the Court in Pike was the Court from which the *scire facias* against the bail had to be issued. And unless something appeared going to show that the Court in Pike had ceased to be such Court, it is not to be presumed that it had ceased to be such.

There is, therefore, no foundation, *in fact*, for the ground of the affidavit of illegality, to the effect that the *ca. sa.* should have issued from the Court in Spalding, and not from the Court in Pike.

The Act of 1851–'2 seems, indeed, not to have provided for the transfer of criminal cases, but only of civil. (*Acts*, 60.)

Of the other grounds contained in the affidavit of illegality, none were insisted on in the argument before this Court.

The judgment of the Court below, over-ruling the affidavit of illegality, ought therefore to be affirmed.